UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ALICE ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:05CV1814 RWS |
| | ) |
| AT&T TECHNICAL SERVICE INC., | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Plaintiff Alice Allen served requests for admissions upon Defendant AT&T. Allen objects to some of AT&T's responses. She seeks an order for sanctions deeming several requests as admitted. The relief Allen seeks is extreme. A typical sanction for failing to admit what should have been admitted as an undisputed fact is to make the offending party pay the costs incurred by the party seeking the admission to establish the fact.

In addition, Local Rule 3.04 requires a party who is dissatisfied with the opposition's discovery responses to confer with opposing counsel in an attempt to resolve the dispute before filing a motion related to discovery. Any motion concerning discovery must include a statement that the moving party made sincere efforts to resolve the dispute before the motion was filed. Allen's motion does not contain such a statement. Allen should have called AT&T's counsel to discuss what she believed were incomplete responses to her requests for admissions before she filed a motion in this Court. I will deny her present motion based on her failure to comply with Local Rule 3.04.

Even if I considered the merits of Allen's motion, the sanction that she seeks of having

various requests deemed admitted would be denied. From the record in this case so far, it appears that Allen's Complaint concerns a government contract between AT&T and Lockheed Martin. AT&T hoped that Allen would be able to be employed to perform duties as part of that contract. AT&T asserts that Lockheed Martin, as the contacting governmental agency, reviews the security clearance of each individual and must approve each individual for work on the contract. AT&T asserts that Lockheed Martin did not issue an approval for Allen to work on the contract. AT&T told Allen of that decision.

In her motion for sanctions Allen asserts that AT&T failed to admit that she was replaced a male employee. AT&T denied that she was "replaced" by a male employee because Allen never performed the duties for which she was hired because her employment on the contract was not approved by Lockheed Martin. AT&T went further and admitted that "a male with proper clearance and approval was assigned to perform these duties." Whether Allen was "replaced" when she was not approved by the Lockheed Martin is a matter genuine dispute. AT&T did admit that a male was assigned the duties that were originally slated to be performed by Allen. As a result, AT&T's response was not improper.

In her request for admission Number 4, Allen asked AT&T to admit that "Managers told me/Plaintiff my Top Secret SCI Clearance was inadequate." AT&T objected to this request because it failed to specify which manager or managers were involved. Allen's former immediate manager is deceased. AT&T further answered this request by stating that AT&T admits Allen was "told that her clearance had not been approved by the agency."

Allen asserts that AT&T failed to contact its "managers to make a reasonable inquiry as to the truth of whether its managers stated that Plaintiff Clearance wasn't adequate before objecting

to Plaintiff request...." She does not state how she knows what AT&T did or did not do to respond to this request.

In her request for admission Number 5, Allen asks AT&T to admit that "at the time I, Plaintiff was hired and fired, I had a Top Secret SCI Clearance granted May 19, 2004." Defendant responded that it was "without knowledge of Plaintiff's clearance, if any, prior to her employment with Defendant sufficient to admit or deny this statement, but states that the agency involved did not grant approval for her to do the work she had been hired by Defendant to perform, and therefore this statement is denied."

Allen asserts that AT&T did not "state it made a reasonable inquiry to its' Security Office to check on this matter." Allen does not state how she knows this statement to be true.

If Allen is unsatisfied with AT&T's responses, she must first attempt resolve any concerns she has with AT&T's counsel before filing discovery motions in this Court. During such a conversation she can attempt to clarify the information she seeks in an attempt to get AT&T to fully respond to her requests. Based on such a conversation, Allen may have to resubmit a request for admissions that clearly states the information that she seeks to be admitted. Because Allen's motion lacks a statement which discloses the date, time and manner that she conferred with AT&T in an attempt to resolve this dispute her motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED that** Plaintiff's motion for sanctions [#45] is **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 25th day of January, 2006.