UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ALICE ALLEN, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV1814 RWS |
| | ) | |
| AT&T TECHNICAL SERVICES | ) | |
| COMPANY, INC.,[1] | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

On April 6, 2006 I entered an order granting Plaintiff's motion to add "SBC Corp." as a defendant in this matter. In that Order I stated that Defendants had not filed a response to Plaintiff's motion to amend. That was incorrect. Defendants did file an opposition to Plaintiff's motion to add SBC Corp. as a party to the case. It was Plaintiff who did not file a response to Defendants' opposition.

Defendants assert that SBC Corp. should not be joined as a defendant because Plaintiff's amended complaint fails to assert any claim against SBC Corp. Plaintiff alleges in her amended complaint that she was employed by AT&T Technical Services Company, Inc. which is a subsidiary of Defendant AT&T Corp. The basis of her amended complaint is that her employment at AT&T Technical Services Company, Inc. was terminated based on unlawful discrimination.

Defendants correctly assert that this case is solely concerned with employment

---

[1] Defendant has responded to the pleadings in this matter under the name of AT&T Technical Services Company, Inc. I shall order that name of Defendant to be changed on the docket to reflect Defendant's correct name.

discrimination claims. Defendants argue that because Plaintiff was never an employee of SBC Corp. any employment discrimination claim against that entity would be without any foundation. Defendants assert that SBC Corp. merged with AT&T Corp. after Plaintiff's employment was terminated with AT&T Technical Services Company, Inc. and therefore, none of Plaintiff's claims can be imputed to SBC Corp.

My consideration of Defendants' factual allegations regarding the relationship between AT&T Corp. and SBC Corp. would cause Defendants' opposition to be treated as a motion for summary judgment which would trigger further briefing on this issue.

Rather, Plaintiff's motion to amend her complaint to join SBC Corp. as a party defendant should be denied for the first reason presented by Defendants. Plaintiff does not allege any facts or claims against SBC Corp. in her amended complaint. She simply asserts that SBC Corp. is a citizen of the United States. Although the sufficiency of stating a claim in a complaint in federal court is based on the liberal standard of notice pleading, Fed. R. Civ. P. 8 requires at the minimum "a short and plain statement of the claim showing that the pleader is entitled to relief...." Plaintiff's amended complaint does not make any clam or assertion against SBC Corp. and therefore fails the pleading requirements of Rule 8.

Accordingly,

**IT IS HEREBY ORDERED that** my Order of April 6, 2006 which granted Plaintiff's motion to amend her Complaint to join SBC Corp. as a defendant is **VACATED**.

**IT IS FURTHER ORDERED that** Plaintiff's motion to amend her Complaint to join SBC Corp. as a defendant is [#68] is **DENIED**.

**IT IS FURTHER ORDERED that** the Clerk of Court shall modify the docket in this

matter to change the name of Defendant AT&T Service, Inc. to AT&T Services Company, Inc.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 7th day of April, 2006.